# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES SHORTER,

        Petitioner,      :      Case No. 3:14-cv-222

- vs -                              District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought by Petitioner Charles Shorter under 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss (Doc. No. 7).  Shorter was notified by the Court of his obligation to respond to that Motion not later than September 22, 2014 (Order to Petitioner, Doc. No. 8).  The time for a response has expired and no response has been filed.

       Shorter pleads the following grounds for relief:

> **GROUND ONE**: Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.
>
> **GROUND TWO:** Petitioner was denied effective assistance of trial counsel when counsel failed to ensure that petitioner was properly instructed as to his right to appeal, and fails to ensure that a timely notice of appeal is filed, and petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

(Petition, Doc. No. 1, PageID 13, 20.)

Respondent asserts that the Petition should be dismissed with prejudice as barred by the one-year statute of limitations in 28 U.S.C. § 2244.  Under that statute, the time to file a habeas corpus petition runs when a criminal conviction becomes final and expires one year later unless interrupted by the proper filing of a state court collateral attack on the conviction.

The Motion to Dismiss shows that the trial court entered judgment in this case on December 17, 2008 (Return of Writ, Doc. No. 5, PageID 70).  Shorter filed nothing thereafter until, on November 18, 2013, he sought leave to file a delayed appeal in the Montgomery County Court of Appeals.  That request was denied and the judgment of conviction thus remained final. Therefore the statute of limitations ran one year after the date on which Shorter could have filed a notice of appeal of right, to wit, January 16, 2010.[1]

The Petition in this case should therefore be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 2, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

---

[1] Ohio law allows a notice of appeal to be filed not later than thirty days after judgment.  That time expired January 16, 2009.

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).