# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES SHORTER,

              Petitioner,         :      Case No. 3:14-cv-222

    - vs -                           District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
                                   :
              Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Charles Shorter brought this habeas corpus case under 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court on December 17, 2008. The Warden moved to dismiss the Petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244 (Return of Writ, Doc. No. 5). Shorter was notified by the Court of his obligation under S. D. Ohio Civ. R. 7.2 to respond to that Motion not later than September 22, 2014 (Order, Doc. No. 5). Shorter filed nothing by that deadline and the Magistrate Judge recommended the Motion to Dismiss be granted (Report, Doc. No. 11).

After the Report was filed on October 2, 2014, Shorter filed his "Traverse/Reply to Respondent's Motion to Dismiss Habeas Petition" ("Traverse" Doc. No. 12). Reading that document does not suggest that Shorter received this Court's Order to Pro Se Petitioner which was mailed to him at Lebanon Correctional Institution, the place where he was incarcerated when he filed the Petition. On September 11, 2014, Shorter filed a Notice that he had been transferred to the Madison Correctional Institution (Doc. No. 11) and that new address was

added to the docket. The Report was filed on October 2, 2014, but the docket does not reflect that a copy was sent to Shorter. Shorter's Traverse has an undated Certificate of Service (Doc. No. 12, PageID 178[1]). To avoid any dispute over timeliness or completeness of filings, the initial Report (Doc. No. 11) is WITHDRAWN and the Magistrate Judge will consider the Motion to Dismiss *de novo*.

Shorter pleads the following Grounds for Relief:

> **Ground One:** Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.

(Petition, Doc. No. 3, PageID 39.)

> **Ground Two:** Petitioner was denied effective assistance of trial counsel when counsel failed to ensure that petitioner was properly instructed as to his right to appeal, and fails to ensure that a timely notice of appeal is filed, and petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

*Id.* at PageID 46.

In lieu of the short statement of supporting facts called for by the standard form for § 2254 petitions, Shorter has included lengthy legal arguments; these will not be repeated here verbatim, but will be fully considered in deciding the Motion to Dismiss.

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

**Procedural History**

Shorter was indicted by the Montgomery County grand jury in May 2008 on two counts of murder with firearm specifications, two counts of felonious assault with firearm specifications, one count of having weapons while under disability, and one count of tampering with evidence (Indictment, State Court Record, Doc. No. 5, PageID 62-65).  On November 13, 2008, with the assistance of counsel, Shorter accepted a plea agreement and pled guilty to one count of murder with a firearm specification and the counts of having weapons while under disability and tampering with evidence (Waivers and Pleas, State Court Record, Doc. No. 5, PageID 68-69.)  Judge Tucker then imposed the agreed (jointly recommended) sentence of fifteen years to life imprisonment for the murder charge, five years concurrent time for the two other charges, and three years consecutive for the firearm specification (Termination Entry, State Court Record, Doc. No. 5, PageID 70-72).  The Termination Entry was filed November 17, 2008. *Id.* at PageID 70.

More than five years later, on November 18, 2013, Shorter filed a Notice of Appeal and a Motion to Leave to Seek Delayed Appeal (State Court Record, Doc. No. 5, PageID 73-82).  The Second District Court of Appeals denied that Motion on December 23, 2013. *Id.* at PageID 94.  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal (Entry, State Court Record, PageID 111).  Shorter filed this case on July 9, 2014 (Doc. No. 1).

**Motion to Dismiss**

Respondent argues the Petition is barred by the one-year statute of limitations adopted by

3

Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  The statute is codified at 28 U.S.C. §2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction becomes final under § 2244(d) at the conclusion of direct appeal (plus ninety days for seeking review by the United States Supreme Court) or when time for appealing has expired.  In this case no direct appeal was taken within the time allowed by Ohio law, so the conviction became final thirty days after the trial court judgment was entered, to wit, on December 14, 2008.  The statute of limitations began to run on that date and expired one year later on December 14, 2009, unless Shorter can bring himself within one of the alternative

starting dates for the statute of limitations provided in § 2244(d)(1)(B), (C), or (D).

Question 18 of the standard form for § 2254 petitions instructs the petitioner to explain why the petition is not barred by the one-year statute of limitations if the conviction became final more than one year before the filing date. Shorter answered that question "N/A" (not applicable) and gives no explanation in the Petition of his delay.

In his Traverse Shorter correctly asserts that the statute of limitations is tolled under § 2244(d)(2) by the proper filing of an application for state court collateral review (Traverse, Doc. No. 12, PageID 168). However, that statutory provision is irrelevant to this case because Shorter never filed any application for collateral review and does not contend he did so.

Instead, Shorter asserts he is entitled to equitable tolling of the time to file under *Holland v. Florida*, 560 U.S. 631 (2010). In the alternative, Shorter asserts that he is entitled to the starting date provided in § 2244(d)(1)(D), to wit, the date on which he discovered or in the exercise of due diligence could have discovered the factual predicate for his claim.

Shorter is correct that the Supreme Court in *Holland* recognized that the doctrine of equitable tolling applies to the statute of limitations in 28 U.S.C. § 2244(d). The Sixth Circuit in the wake of *Holland* has held "[e]quitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), *quoting Robinson v. Easterling,* 424 F. App'x 439, 442 & n.1 (6th Cir. 2011). However, a petitioner is "'entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Shorter concedes that the time from which due diligence must be measured is the date of judgment in the case (Traverse, Do. No. 12, PageID 170, citing standard from an uncited Supreme Court decision). That is November 17, 2008, the date of sentencing.

Shorter says the factual predicate of his claim is the December 8, 2008, letter he received from his trial attorney which is attached to the Traverse (Doc. No. 12, PageID 179). He alleges that somehow Mr. Miles' letter misled him about his appellate rights, but he does not indicate what the misleading information is. The letter does not tell him he has no right to appeal. Instead, it represents, accurately, that he would be entitled to a free transcript if he appealed and continues:

> Please keep in mind that you entered into an agreed sentence with your special and unique request regarding Joy's case. One possible error you could allege for an appeal is whether your guilty plea was involuntary, an unlikely scenario. If you would be able to get your plea set aside, you would again face the possibility of the maximum sentence of all the charges that do not merge and also put Joy's community control at risk and force her to testify against you.

*Id.* Shorter offers no explanation of why this is misleading advice or any way in which it is inaccurate.

Furthermore, Shorter appears to misunderstand the meaning of the term "factual predicate." As used in § 2244(d)(1)(D), it means the facts on which the habeas corpus claim is based. Shorter knew on the day of sentencing what Judge Tucker had told or not told him about his right to appeal, so he knew the factual predicate for the first part of Ground One on November 17, 2008. He also claims in Ground One that he had a constitutional right to a delayed appeal and he knew the factual predicate of that claim – that it had been denied – on the day he received notice of the denial, shortly after December 23, 2013. Shorter knew the facts

supporting his second ground for relief shortly after they happened. He knew what Mr. Miles did not tell him on the date of sentencing; he knew that no appeal was filed sometime shortly after that.[2] Thus the only "factual predicate" which Shorter learned within one year of filing his habeas petition was that he had been denied leave to file a delayed appeal.

Shorter goes on to assert that "the record will clearly demonstrate that Petitioner could not have discovered his right to appeal his sentence portion of his conviction prior to being informed by another [inmate] based on the information given to petitioner by his license [sic] Counsel" and refers again to Mr. Miles' letter. In his Motion for Leave to File a Delayed Appeal, Shorter indicates he only learned of his right to appeal and his right to be advised of his right to appeal in October 2013.

Shorter's conduct does not display due diligence. He does not advise the Court of anything he did to learn about his rights for the five years between receiving the agreed-upon sentence and filing his delayed appeal motion. The record does not show that he could not have learned of his rights prior to October 2013. It does not show what efforts, is any, he made in that time to learn about his rights. Miles' letter does not tell him he has no right to appeal. Rather, it points out one possible issue on appeal, although advising it would not likely be successful. In a parallel context, the Sixth Circuit has held that lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse failing to file a timely appeal to the Ohio Supreme Court. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted), *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Because Shorter has not shown he acted with due diligence to protect his rights, he cannot qualify for a delayed start of the statute of limitations under § 2244(d)(1)(D) nor can he

---

[2] Shorter does not claim that he told Miles to file an appeal or that Miles told him an appeal had been filed.

qualify for equitable tolling. This analysis shows the statute of limitations bars all of Shorter's claims except the subclaim in Ground One that he was constitutionally entitled to a delayed appeal.

**The Delayed Appeal Subclaim**

As part of Ground One, Shorter argues he was deprived of due process of law when the Ohio courts denied his motion for delayed appeal. The factual predicate for this claim arose when the delayed appeal was denied, less than one year before the Petition was filed. The question, then, is whether Shorter can claim the benefit of § 2544(d)(1)(D) for this claim.

Shorter has exhausted this claim by arguing to the Second District Court of Appeals that he had a right to a delayed appeal when he was not advised of his right to appeal as required by Ohio law (Motion, State Court Record, Doc. No. 5, PageID 78). The Second District ruled on that claim, albeit without discussion, when it denied the delayed appeal. (Decision, State Court Record, Doc. No. 5, PageID 94-95.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). The question this Court must decide, then, is whether the state courts' denial of a delayed appeal is an unreasonable application of clearly established United States Supreme Court precedent.

In his Motion for Delayed Appeal, Shorter candidly admitted that "[t]here is no constitutional right to an appeal." (Motion, State Court Record, Doc. No. 5, PageID 76.) He also admits "[t]he Supreme Court has not specifically ruled on whether a defendant who has only a limited right of appeal is entitled to notice of that right." *Id.* at 78. Instead, he relies on Wolfe v. Randle, 267 Fed. Supp. 2d 743 (S.D. Ohio 2003). In that case, Judge Spiegel adopted the recommendation of Magistrate Judge Jack Sherman that the writ be granted on the same claim Shorter makes here.

However, as the Wolfe Court acknowledges, habeas corpus relief can only be granted on the basis of holdings of the United States Supreme Court. 267 F. Supp. 2d at 749. After *Wolfe* was decided, the Supreme Court held in *Johnson v. United States*, 544 U.S. 295 (2005), that a petitioner's time under the statute of limitations will run from the entry of a relevant state court order, "provided that he has sought it with due diligence in state court." *Id.* at 298. For the reasons given above as to the balance of Shorter's claims, his motion for delayed appeal was not filed with due diligence.

**Conclusion**

Because he did not pursue his right to appeal with due diligence, Shorter's Petition for habeas corpus should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 24, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).